UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DAVIS NEUROLOGY, P.A., on behalf of itself and all other entities and persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOCTORDIRECTORY.COM LLC, EVERYDAY HEALTH, INC., and JOHN DOES 1-10, intending to refer to those that acted as agents, consultants, independent contractors or representatives,<br><br>Defendants. | Case No. 4:19-cv-00499-BSM<br><br>JURY DEMAND<br><br>CERTIFIED CLASS ACTION |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, FOR CERTIFICATION OF A SETTLEMENT CLASS, AND FOR PERMISSION TO DISSEMINATE CLASS NOTICE**

Plaintiff Davis Neurology, P.A. ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully moves for preliminary approval of a settlement reached with Defendants DoctorDirectory.com LLC and Everyday Health, Inc. (collectively, "Defendants"). For the reasons set forth in Plaintiffs' Memorandum of Law filed in support of this Motion, together with all of the exhibits filed in support thereof[1], Plaintiff respectfully requests that the Court enter the [Proposed] Preliminary Approval Order, substantially in the form attached to the Settlement Agreement,[2] requesting the following relief:

---

[1] Attached hereto are the following exhibits in support of Plaintiff's Motion as follows: **Exh. A**, Fully-Executed Settlement Agreement; **Exh. B**, Declaration of Joe P. Leniski, Jr. in Support; and **Exh. C**, Declaration of James A. Streett in Support.
[2] All capitalized terms have the same meaning as defined in the Settlement Agreement, attached hereto as **Exh. A**.

1

1. Preliminarily approve the settlement reflected herein as fair, adequate and reasonable, and within the reasonable range of possible final approval;

2. Conditionally certify the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23 as follows:

> All Persons within the United States who, between January 21, 2012 and December 31, 2016, were sent one or more Study Faxes, regardless of whether they consented to transmission, actually received it, and what type of physical device or online fax service was connected or otherwise associated with the fax number to which the Study Fax was transmitted (at the time of transmission). Excluded from the Settlement Class are DoctorDirectory, Everyday Health, and any affiliate, subsidiary or division of DoctorDirectory or Everyday Health, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all Persons who validly and timely opt out of the Settlement Class pursuant to Section VII[3]

Furthermore, conditionally appoint Class Counsel Joe P. Leniski Jr. and Anthony Orlandi of Branstetter, Stranch & Jennings, PLLC, and James A. Streett of Streett Law Firm, P.A. as counsel for the Settlement Class and Plaintiff Davis Neurology, P.A. as Class Representative;

3. Appoint CAC Services, Inc. as Settlement Administrator and approve the form of Class Notice and find that the notice program set forth herein constitutes the best notice reasonable and practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

4. Establish a procedure for Settlement Class Members to opt out of or object to the settlement, and set a date following entry of the Preliminary Approval Order, after which no one shall be allowed to opt out of or object to the settlement or seek to intervene in the Action;

5. Approve the Affirmation of Claim Form and the claims submission process described herein;

---

[3] *See* **Exh. A.**, Settlement Agreement, ¶ II.27.

6.      Pending final determination of whether the settlement should be approved, bar all persons in the Settlement Class, directly, on a representative basis or in any other capacity from commencing or prosecuting against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims;

7.      Authorize the Parties, without further approval from the Court, to agree to and adopt such conforming amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the terms of the proposed Final Approval Order;

8.      Finding that the form and method of notifying the Settlement Class of the Settlement and its terms and conditions meets the requirements of due process and Rule 23, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto;

9.      Pending final determination of whether the settlement should be approved, stay all proceedings in the Action, except those related to the effectuation of the settlement; and

10.     Schedule a Final Approval Hearing no earlier than one hundred and twenty (120) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

DATED: February 18, 2021                    Respectfully Submitted,

Joe P. Leniski, Jr., TN Bar #22891
Anthony A. Orlandi, TN Bar #33988
**BRANSTETTER, STRANCH, & JENNINGS, PLLC**
The Freedom Center
223 Rosa L. Parks, Avenue, Ste. 200
Nashville, TN 37203
Telephone:   615-254-8801
Facsimile:   615-255-5419
Email: joeyl@bsjfirm.com
            aorlandi@bsjfirm.com

3

James A. Streett, ABA #2007092
**STREETT LAW FIRM, P.A.**
107 West Main
Russellville, AR 72801
Telephone: 479-968-2030
Facsimile: 479-968-6253
Email: James@StreettLaw.com

*Counsel for Representative Plaintiff and the Certified Plaintiffs' Class*