UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DAVIS NEUROLOGY, P.A.**, on behalf of itself and all other entities and persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DOCTORDIRECTORY.COM LLC, EVERYDAY HEALTH, INC.**, and **JOHN DOES 1-10**, intending to refer to those that acted as agents, consultants, independent contractors or representatives,<br><br>Defendants. | Case No. 4:19-cv-00499-BSM<br><br>JURY DEMAND<br><br>CERTIFIED CLASS ACTION |

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Davis Neurology, P.A. ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully moves for final approval of a settlement reached with Defendants DoctorDirectory.com LLC and Everyday Health, Inc. (collectively, "Defendants"). For the reasons set forth in Plaintiffs' Memorandum of Law filed in support of this Motion, together with all of the exhibits[1] filed in support thereof, Plaintiff respectfully requests that the Court enter the [Proposed] Final Approval Order,[2] requesting the following relief:

1. Finding that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff and Defendants;

---

[1] Attached hereto are the following exhibits in support of Plaintiff's Motion as follows: **Exh. A**, [Proposed] Final Approval Order; and **Exh. B**, Declaration of Joe P. Leniski, Jr. in Support, and Exhibit 1 thereto.

[2] All capitalized terms in the Order have the same meaning as defined in the Settlement Agreement.

2. Determining that the Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class;

3. Granting final certification of the following Settlement Class under Fed. R. Civ. P. 23 as follows:

> "All Persons within the United States who, between January 21, 2012 and December 31, 2016, were sent one or more Study Faxes, regardless of whether they consented to transmission, actually received it, and what type of physical device or online fax service was connected or otherwise associated with the fax number to which the Study Fax was transmitted (at the time of transmission). Excluded from the Settlement Class are DoctorDirectory, Everyday Health, and any affiliate, subsidiary or division of DoctorDirectory or Everyday Health, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all Persons who validly and timely opt out of the Settlement Class pursuant to Section VII."[3];

4. Determine that the notice was provided to the Settlement Class in conformity with the Settlement Agreement, the Court's Preliminary Approval Order (Dkt. No. 175), Fed. R. Civ. P. 23(c)(2)(B), and due process;

5. Determine that that the claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Fed. R. Civ. P. and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and the Final Approval Order;

6. Granting final approval of the Settlement as fair, adequate and reasonable, and in the best interest of the Class Members;

---

[3] *See* Dkt. No. 173, Plaintiffs Motion for Preliminary Approval, at Exh. A, Settlement Agreement, ¶ II.27.

7. Order that upon the Effective Date, Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated;

8. Order that Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties[4];

9. Order that the subject Final Approval Order complies in all aspects with Fed. R. Civ. P. 65(d)(1);

10. Approve Class Counsel's application for attorneys' fees and reimbursement of costs and expenses incurred in the prosecution of this case (Dkt Nos. 176 & 177);

11. Approve Class Counsel's application for an incentive award for the Class Representative (*id.*);

12. Find that the fees and costs of the Settlement Administrator are reasonable;

13. Retaining jurisdiction pending full implementation of the Settlement;

---

[4] This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14.    Entering the proposed Final Approval Order and Judgment, attached as **Exhibit A** hereto; and

15.    Dismissing this action, with prejudice, without costs to any party, except as Expressly provided for in the Settlement Agreement.

DATED: August 20, 2021                    Respectfully Submitted,

                                                Joe P. Leniski, Jr., TN Bar #22891
                                                Anthony A. Orlandi, TN Bar #33988
                                                **BRANSTETTER, STRANCH, & JENNINGS, PLLC**
                                                The Freedom Center
                                                223 Rosa L. Parks, Avenue, Ste. 200
                                                Nashville, TN 37203
                                                Telephone:   615-254-8801
                                                Facsimile:    615-255-5419
                                                Email: joeyl@bsjfirm.com
                                                             aorlandi@bsjfirm.com

                                                James A. Streett, ABA #2007092
                                                **STREETT LAW FIRM, P.A.**
                                                107 West Main
                                                Russellville, AR 72801
                                                Telephone:    479-968-2030
                                                Facsimile:     479-968-6253
                                                Email:  James@StreettLaw.com

                                                *Counsel for Representative Plaintiff and the Certified Plaintiffs' Class*