**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAVIS NEUROLOGY, P.A., on behalf of itself**                                                             **PLAINTIFF**
**and all others similarly situated**

**v.**                      **CASE NO. 4:19-CV-00499-BSM**

**DOCTORDIRECTORY.COM LLC.** *et al.*                                                          **DEFENDANT**

**FINAL APPROVAL ORDER**

A final approval hearing was held on September 1, 2021, after notice of the hearing was given in accordance with the previous order [Doc. No 175] (1) preliminarily approving class action settlement, (2) conditionally certifying a settlement class, (3) approving notice plan, and (4) setting a final approval hearing (the "Preliminary Approval Order"). Having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Settlement Agreement dated February 16, 2021, including its Exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order [Doc. No. 175] are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All Persons within the United States who, between January 21, 2012 and December 31, 2016, were sent one or more Survey Faxes, regardless of whether they consented to transmission, actually received it, and what type of physical device or online fax service was connected or otherwise associated with the fax number to which the Study Fax was transmitted (at the time of transmission).
>
> Excluded from the Settlement Class are DoctorDirectory, Everyday Health, and any affiliate, subsidiary or division of DoctorDirectory or Everyday Health, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all Persons who validly and timely opt out of the Settlement Class.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Plaintiff Davis Neurology, P.A. ("Plaintiff" or "Class Representative"), and Defendants DoctorDirectory.com, LLC ("DoctorDirectory") and Everyday Health, Inc. ("Everyday Health", and together with DoctorDirectory, the "Defendants"). Plaintiff and Defendants are collectively referred to as the "Parties."

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and

support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Approval Order.

6. The Court hereby fully and finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

7. The Settlement Class described in Paragraph 2 above is hereby finally certified solely for purposes of effectuating the Settlement Agreement and this Final Approval Order.

8. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

9. Upon the Effective Date, Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

10. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding),

directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. The Settlement Agreement (including, without limitation, its Exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by the Defendants, or of the truth of any of the claims asserted in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order and/or this Final Approval Order.

12. If for any reason the Settlement Agreement is terminated or the Effective Date does not occur, the Settlement Agreement and all proceedings in connection with the Agreement shall be without prejudice to the right of the Released Parties, including Defendants or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the Action and the certification of the Settlement Class

shall be deemed vacated and shall be of no further force and effect. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this Action or any other action or proceeding. In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to Defendants with all applicable interest as specified in the Settlement Agreement.

13. In the event that any provision of the Settlement Agreement or this Final Approval Order is asserted by the Released Parties, as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

15. Class Counsel's application for attorneys' fees and reimbursement of expenses incurred in the prosecution of the case in the amount of $2,950,000.00 [Doc No. 176] is granted.

16. Class Counsel's application for an incentive award for the Class Representative in the amount of $10,000.00 [Doc No. 176] is granted.

17. The Court finds the fees and costs of the Settlement Administrator are reasonable.

18. Within five (5) days following the Effective Date, the Parties will file a joint stipulation to dismiss Defendants' appeal of the State Court certification order and will take any and all other actions required to effectuate dismissal of any remaining State Court proceedings related to the Action.

19. The Settlement Agreement, including all of its terms and Exhibits, is fully and finally approved. The Court shall retain jurisdiction pending full implementation of the Settlement, and the Parties shall file, in due course, a joint notice informing the Court that the settlement has been finally implemented, at which point this case shall be closed.

IT IS SO ORDERED this 3rd day of September, 2021.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE